**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**COHEN & RIECHELSON**
**BY: Kevin S. Riechelson, Esq.**
**I.D.#: 58960**
**3500 Quakerbridge Road**
**Suite 203**
**Hamilton, NJ 08619**
**609-394-8585 (P)**
**609-394-8620 (F)**
**kriechelson@crlawoffices.com**

**Attorney for Plaintiffs**

**JOHN KEIL and JESSICA MILLER,**
**GLORIA and JASON BLACK, DIAN SMITH and**
**ANTONY RIVERA, SR and MAHALIA CARION,**
on behalf of themselves and
all others similarly situated,

Plaintiffs,

v.

**McGILL FAIRLESS HILLS, LLC,**

Defendant.

Case No.

**COMPLAINT -- CLASS ACTION**

No. 25-5823

---

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

---

## INTRODUCTION

1. Plaintiffs bring this class action against McGill Fairless Hills, LLC, (hereinafter, "Defendant") in relation to its ownership and operation of its composting facility at 1000 Tyburn Rd., Borough of Morrisville, County of Bucks, Commonwealth of Pennsylvania (hereinafter, the "Facility").

2. Through Defendant's operation and maintenance of the Facility, it wrongfully and tortiously released substantial and unreasonable noxious odors that invade Plaintiffs' and the putative Class' properties, causing damages through private nuisance, public nuisance and negligence.

## THE PARTIES

3. At all times relevant hereto, Plaintiffs John Keil and Jessica Miller have resided and intend to remain at 1600 S. Pennsylvania Ave., Morrisville, Pennsylvania 19067. Plaintiffs are citizens of the State of Pennsylvania.

4. At all times relevant hereto, Plaintiffs Gloria and Jason Black have resided and intend to remain at 1588 S. Pennsylvania Ave., Morrisville, Pennsylvania 19067. Plaintiffs are citizens of the State of Pennsylvania.

5. At all times relevant hereto, Plaintiffs' Antony Rivera, Sr. and Mahalia Carrion have resided and intend to remain at 145 Virginia Ave., Trenton, New Jersey, 08611. Plaintiffs are citizens of the State of New Jersey.

6. At all times relevant hereto, Plaintiff Dian Smith has resided and intends to remain at 40 Dresden Ave., Trenton, New Jersey 08610. Plaintiff is a citizen of the State of New Jersey.

7. Defendant is a Pennsylvania limited liability company with a mailing address of 1000 Tyburn Rd., Morrisville, PA 19067.

8. Defendant accepts service through its registered agent, CT Corporation System, at 600 North Second Street, Suite 401, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction under the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d). There are 100 or more class members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Additionally, Defendant is a citizen of a different state from at least one Plaintiff, establishing minimal diversity.

10. Plaintiffs are citizens of Pennsylvania and/or New Jersey and Defendant is a citizen of at least North Carolina, with its principal place of business at 300 Frankford Road, Monaca, PA 15061.

11. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the Commonwealth of Pennsylvania because it regularly conducts substantial business in Pennsylvania through its ownership and operation of the Facility.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much, if not all, of the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

13. Defendant operates a compost facility that is permitted to accept up to 600 tons per day of wastewater and water treatment sludges, food waste, agricultural waste, paper, spent activated carbon and wood ash.

14. It is Plaintiffs information and belief that Defendant opened its facility in April of 2024.

15. The waste materials are blended together and placed in bays for approximately 15 days. The material is then moved to a finishing bay for an additional 15 days.

16. Defendant's Facility has a well-documented history of failing to control the noxious odors generated by its operations. Examples include, but are not limited to, the following:

a. In issuing a NOV dated August 19, 2024, the Pennsylvania Department of Environmental Protection (PADEP) notified Defendant that its odors were defined as "an odor which causes annoyance or discomfort to the public and which the Department determines to be objectionable to the public."

b. In issuing a NOV dated November 8, 2024, the PADEP notified Defendant that its odors were defined as "an odor which causes annoyance or discomfort to the public and which the Department determine to be objectionable to the public."

c. Despite the fact that Defendant has been open for less than a year and a half, there have been in excess of 100 complaints to the PDEP regarding Defendant's emission of noxious odors.

d. PDEP has found violations while performing physical inspections of the facility. These violations include the presence of offsite odors.

17. Numerous households have already communicated with Plaintiffs' counsel documenting Defendant's noxious odors and the nuisance that these noxious odors create for the surrounding residential neighborhoods:

a. Plaintiffs John Keil and Jessica Miller report that "Since April of 2024 a thick blanket of rotting flesh and garbage has plagued our property, house and area surrounding almost every day. It has stopped us from enjoying our lives, having guests, gardening, being outdoors and since the odors enter our home, it is like sleeping in a dumpster."

b. Plaintiffs Gloria and Jason Black report that "The smell has hindered our ability to enjoy sitting on the porch after a long stressful day at work. It has limited our ability to have celebrations, as the smell is embarrassing, so we limit the amount of people we invite to our home and limit the number of outdoor celebrations. The smell has stopped us from having intimate, private conversations with each other in our favorite space. The smell has limited our children's desire to play outside."

c. Plaintiffs Antony Rivera, Sr. and Mahalia Carrions report that "WE have to close all doors and windows. In the summer with our a/c window units, the odor comes in. Sometimes it wakes my family up and ruins their sleep."

d. Plaintiff Dian Smith reports that "A foul odor has been affecting my ability to enjoy my yard or sitting on front porch. Have to close windows in evening due to smell being worst at night. During summer it's worse, with temp outside in the 80s, it's unbearable."

18. Plaintiffs' properties have been, and continues to be, physically invaded by Defendant's noxious odors.

19. The noxious odors that enter Plaintiffs' property originated from the Facility, where they are generated as a result of Defendant's composting process.

20. A properly maintained, operated, and/or constructed composting plant will not release noxious odors into the surrounding residential areas.

21. Defendant's operation, maintenance, engineering, control, and/or use of the Facility has caused noxious odors to invade the properties of Plaintiffs and all others similarly situated, causing property damage.

22. The Plaintiffs and the putative Class are a limited subset of the broader community, namely owners/occupants and renters of residential properties who live within the Class Area and fit within the Class definition.

23. Members of the public including, but not limited to, businesses, employees, commuters, tourists, visitors, minors, customers, clients, students, and patients have been harmed by the noxious odors emitted from the Facility into public spaces. However, unlike the Plaintiffs and putative Class, members of the public who are outside of the Class definition have not suffered damages in the form of diminished property values and/or the loss of use and enjoyment of their private property.

24. Defendant has failed to install and/or maintain adequate technology to control the release of noxious odors. Such failures include, but are not limited to:

a. failure to install necessary pollution and/or odor abatement equipment;

b. failure to properly maintain and/or operate the facility to properly control its emissions;

c. failed to construct, operate and/or maintain biofilters which are necessary to control the air pollution and odors created by an industrial composting company;

d. failure to construct and/or maintain the structures present at the facility such that there are no air leaks which would allow noxious odors to escape into the surrounding community; and,

e. Failure to install and/or maintain the equipment necessary to ensure that all air present in the facility is directed to some form of treatment prior to being release in the surrounding community.

25. Defendant intentionally, recklessly, willfully, wantonly, maliciously, unreasonably, and/or negligently failed to properly construct, maintain, and/or operate the Facility, and caused the invasion of Plaintiffs' property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

## CLASS ACTION ALLEGATIONS

### A. Class Definition

26. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification pursuant to Federal Rules of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants or renters of residential property at any time within the applicable statute of limitations who are located within a two (2) mile radius of the Facility.**

This proposed Class Definition is subject to modification as discovery progresses. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such sub-classes are appropriate.

27. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

a. The Class, which includes thousands of members, is so numerous that joinder of all members is impracticable;

b. There are substantial questions of law and fact common to the Class including those set forth in greater particularity herein;

c. Questions of law and fact such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

e. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

f. There are no unusual difficulties foreseen in the management of this class action; and

g. Plaintiffs, whose claims are typical of those of the Class, through experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

28. Based on available census data, there are in excess of 2,000 housing units within 2.0 miles of the Facility. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

**C. Commonality**

29. Pursuant to Fed. R. Civ. P. 23(b)(3), numerous common questions of law and fact predominate over any individual questions affecting Class Members, including, but not limited to, the following:

a. whether and how Defendant negligently, unreasonably, intentionally, recklessly, and/or willfully, failed to operate and maintain the Facility;

b. whether Defendant owed any duties to Plaintiffs;

c. which duties Defendant owed to Plaintiffs;

d. whether and to what extent Defendant failed to exercise reasonable care in operating and maintaining the Facility;

e. which steps Defendant have and have not taken in order to control the release of noxious odors from the Facility;

f. whether and to what extent the Facility's noxious odors were dispersed in and around the Class Area;

g. whether Defendant's Facility caused noxious odors to be dispersed in and around the Class Area;

h. whether Defendant caused owner-occupants and renters of residential property of ordinary sensibilities to suffer harm;

i. whether it was reasonably foreseeable that Defendant's failure to properly operate and maintain the Facility would result in off-site noxious odors, including the invasion of private property interests in and around the Class Area;

j. whether Defendant's actions were unreasonable;

k. whether Defendant's noxious odors have substantially interfered with the ability of residents of ordinary sensibilities within the Class Area to use and enjoy their private residences;

l. whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial interference with their private property rights;

m. whether private residential property values within the Class Area have been adversely impacted; and

n. the proper measure of damages incurred by Plaintiffs and the Class.

30. Plaintiffs have the same interest in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories, and seek the same type of relief.

31. The claims of Plaintiffs and the other Class members have a common cause, and their claims are of the same type. The claims originate from the same common source and the same failure(s) of Defendant to properly operate and maintain the Facility.

32. Class Members have suffered similar injuries and harm as a result of the invasion of their private residential properties by noxious odors released from Defendant's facility.

**E. Adequacy of Representation**

33. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

34. Plaintiffs have retained the services of counsel who are highly experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by noxious odors. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**D. Class Treatment Is The Superior Method of Adjudication.**

35. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable and administratively feasible.

**COUNT I**

**PRIVATE NUISANCE**

36. Plaintiffs restate the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

37. Defendant owed, and continues to owe, a duty to Plaintiffs and the Class to prevent and abate the unreasonable interference with, and invasion of, their private property interests.

38. The noxious odors that entered Plaintiffs' and the Class' properties originated from the Facility, which was improperly and unreasonably constructed, maintained, engineered, designed, and/or operated by Defendant.

39. The noxious odors that invade Plaintiffs' and the Class' properties are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their properties so as to substantially and unreasonably interfere with the enjoyment of life and property. Such obstruction includes, but is not limited to, the following:

a. Forcing Plaintiffs and the Class to remain inside their homes and forgo the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b. Causing Plaintiffs and the Class to keep their doors and windows closed when the weather would otherwise permit;

c. Depriving Plaintiffs and the Class of the full value of their homes and properties;

d. Causing Plaintiffs and the Class embarrassment, inconvenience, and annoyance including, but not limited to, creating a reluctance to invite guests to their homes and preventing Plaintiffs and the Class from utilizing the outdoor areas of their respective properties.

40. Plaintiffs' and the Class' properties are situated in such proximity to Defendant's Facility as to constitute neighboring properties, in that they are near enough to be impacted by the tangible effects of noxious odors released from the Facility.

41. By negligently and/or unreasonably constructing, maintaining, operating, engineering, and/or controlling the Facility, thereby causing noxious odors to physically invade Plaintiffs' and the Class' properties, Defendant intentionally, knowingly, recklessly, unreasonably,

and/or negligently created a nuisance that substantially and unreasonably interfered with Plaintiffs' and the Class' use and enjoyment of their properties.

42. As a foreseeable, direct, and proximate result of the foregoing misconduct by Defendant, Plaintiffs and the Class have suffered damages to their properties as alleged herein, including but not limited to loss of full use and enjoyment of their properties and diminution in property values.

43. Plaintiffs and the Class did not consent to the invasion of their properties by noxious odors from Defendant's Facility, which is ongoing and constitutes a private nuisance.

44. Whatever social utility the Facility provides is clearly outweighed by the substantial harm suffered by Plaintiffs and the Class, who have on unusually frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure significant loss in the use and value of their properties.

45. Defendant is liable for all damages arising from the creation and maintenance of such nuisance, including compensatory, injunctive, and/or exemplary relief.

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed.R.Civ.P. 23;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class as against the Defendant;

D. An award to Plaintiffs and the Class of compensatory damages, including pre- and post-judgment interest;

E. An award of attorney's fees and costs, including pre-and post- judgment interest;

F. An Order holding that the entrance of the aforementioned noxious odors upon Plaintiffs and the Class properties constituted a nuisance;

G. An Order holding that the Defendant was negligent and/or unreasonable in causing noxious odors to repeatedly invade and interfere with Plaintiffs and the Class private residential properties;

H. An award to Plaintiffs and the Class of injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I. Such further relief that this Honorable Court deems just and proper.

## COUNT II

## PUBLIC NUISANCE

46. Plaintiffs restate the allegations set forth in all previous paragraphs of this Complaint as if fully rewritten herein.

47. Plaintiffs and the Class utilize their properties as residences and reside within the Class Area.

48. The noxious odors that entered Plaintiffs and the Class' properties originated from Defendant's Facility, which is located directly within the proposed Class Area.

49. By failing to reasonable design, operate, repair, and/or maintain its Facility, Defendant has caused an invasion of Plaintiffs' property by noxious odors on frequent occasions that are too numerous to individually list herein.

50. The noxious odors invading Plaintiffs and the Class' properties are indecent and offensive to Plaintiffs and the Class, and similarly indecent and offensive to individuals with ordinary sensibilities, and obstruct the free use of Plaintiffs' and the Class' properties so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

51. Defendant knew that it was releasing, and continues to release, noxious odors onto neighboring properties yet failed to take reasonably adequate steps to abate the nuisance.

Defendant owed and continues to owe a duty to Plaintiffs and the Class to prevent and abate the interference with, and the invasion of, their private interests.

52. Defendant, by failing to reasonably repair, operate, and/or maintain its Facility so as to abate the nuisance has acted, and continues to act, intentionally, unreasonably, negligently, and with conscious disregard to public health, safety, peace, comfort, and convenience.

53. As a foreseeable, direct, and proximate cause of Defendant's previously described conduct, Plaintiffs and the Class have suffered damages to their properties as alleged herein.

54. By releasing noxious odors that physically invaded Plaintiffs and the Class' properties, Defendant created a nuisance that substantially and unreasonably impaired Plaintiffs and the Class use and enjoyment of their properties on frequent occasions too numerous to list individually.

55. Such substantial and unreasonable interferences include, but are not limited to, inability to open windows when noxious odors are present, inability to utilize outdoor spaces, and the inability for Plaintiffs and the Class to invite guests to their homes due to the embarrassment and annoyance of noxious odors on Plaintiffs and the Class' respective properties.

56. Apart from the private property damage incurred by Plaintiffs and the Class, Defendant's noxious odors have additionally substantially interfered with rights common to the general public, including the right to breathe uncontaminated and/or unpolluted air.

57. The Plaintiffs and the putative Class are a limited subset of the broader community, namely owners/occupants and renters of residential properties who live within the Class Area and fit within the Class definition.

58. Members of the public including, but not limited to, businesses, employees, commuters, tourists, visitors, minors, customers, clients, students, and patients have been harmed

by the noxious odors emitted from the Facility into public spaces. However, unlike the Plaintiffs and putative Class, members of the public who are outside of the Class definition have not suffered damages in the form of diminished property values and/or the loss of use and enjoyment of their private property.

59. Plaintiffs suffered and continue to suffer special harm to private property interests, including interference with the use and enjoyment of private land and property, deprivation of full value of private property, and diminished property values. These damages are different in kind and are additional to damages suffered by the public at-large exercising the same common right to breathe uncontaminated and unpolluted air.

60. Plaintiffs and the Class did not consent to the invasion of their properties by noxious odors from Defendant's Facility, which is ongoing and constitutes a private nuisance.

61. Whatever social utility the Facility provides is clearly outweighed by the substantial harm suffered by Plaintiffs and the Class, who have on unusually frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure significant loss in the use and value of their properties.

62. Defendant's substantial and unreasonable interferences with Plaintiffs and the Class' property rights constitutes a nuisance for which Defendant is liable to Plaintiffs and the Class for all damages arising therefrom, including compensatory, injunctive, and/or exemplary relief.

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Fed.R.Civ.P. 23;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class as against the Defendant;

D. An award to Plaintiffs and the Class of compensatory damages, including pre- and post-judgment interest;

E. An award of attorney's fees and costs, including pre-and post- judgment interest;

F. An Order holding that the entrance of the aforementioned noxious odors upon Plaintiffs and the Class properties constituted a nuisance;

G. An Order holding that the Defendant was negligent and/or acted unreasonably in causing noxious odors to repeatedly invade and interfere with Plaintiffs and the Class private residential properties;

H. An award to Plaintiffs and the Class of injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I. Such further relief that this Honorable Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Respectfully Submitted,

*/s/ Kevin Riechelson*
Kevin Riechelson, Esquire
Cohen & Riechelson
I.D. #58960
3500 Quakerbridge Rd.
Suite 203
Hamilton, NJ 08619
P: (609) 394-8585
F: (609) 394-8620
kriechelson@crlawoffices.com

*/s/ Steven D. Liddle*
Steven D. Liddle*
Laura L. Sheets*
Matthew Z. Robb*
**LIDDLE SHEETS P.C.**
**Admitted Pro Hac Vice*

975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@lsclassaction.com
mrobb@lsclassaction.com

*Attorneys for Plaintiff & the Putative Class*

Dated: May , 2026